<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ENOCH BRIMAGE, | : | |
| | : | Civil Action No. 06-1565 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GEORGE W. HAYMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Enoch Brimage, Plaintiff <u>pro</u> <u>se</u>
#485026
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**MARTINI**, District Judge

Plaintiff Enoch Brimage, currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u>, alleging violations of his constitutional rights.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.  For the reasons set forth below, the Court concludes that the Complaint fails to state a claim.  Plaintiff will be permitted to file an Amended Complaint.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that while housed at Northern State Prison, his life was threatened by other inmates due to his familial relationship to a co-defendant of one of the inmates. The inmate was a co-defendant of Plaintiff's brother-in-law, and was a gang member. Plaintiff states that he was threatened with bodily harm. Plaintiff reported the incident, but states that he was not placed in a secure housing unit pending an investigation by prison officials.

Plaintiff also asked for, and was granted, a transfer to another prison, but complains about the timeliness of the transfer. Plaintiff does not state that he was subject to physical harm due to the delay in being transferred.

Plaintiff asks for a declaratory judgment that his rights were violated, and monetary relief from each defendant.

## DISCUSSION

### A.   Standard for Sua Sponte Dismissal

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See U.S.C. § 1915A (actions in which prisoner seeks redress from a

2

governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972);
<u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court
must "accept as true all of the allegations in the complaint and
all reasonable inferences that can be drawn therefrom, and view
them in the light most favorable to the plaintiff."  <u>Morse v.
Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The
Court need not, however, credit a <u>pro se</u> plaintiff's "bald
assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  <u>Deutsch v. United
States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v.
Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d
371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an

amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Liberally construing the Complaint, Plaintiff alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment

4

due process rights by failing to protect him and placing him in danger.[1]  However, it is well-established that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." <u>DeShaney v. Winnebago County Dep't of Social Services</u>, 489 U.S. 189, 197 (1989).  Notwithstanding, "in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." <u>Id.</u> at 198.

One exception to the general rule is "where the State has created or exacerbated the danger which a third party poses to the plaintiff." <u>Nannay v. Rowan College</u>, 101 F. Supp.2d 272, 285 (D.N.J. 2000).  "When state actors knowingly place a person in danger, the due process clause of the constitution . . . render[s] them accountable for the foreseeable injuries that result from their conduct." <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1151 (3d Cir.), <u>cert. denied</u>, 516 U.S. 858 (1995). Liability under the Due Process Clause may be imposed "where the

---

[1]  The Court notes that Plaintiff's claims are subject to dismissal, since "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  <u>See</u> <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250-51 (3d Cir. 2000).  Nonetheless, it is possible that Plaintiff could be awarded nominal damages in absence of physical injury for a violation of his constitutional rights.  <u>See</u> <u>Allah</u> 226 F.3d at 251.

harm-though at the hands of a private actor- is the product of
state action that legitimately can be characterized as
affirmative conduct." Id.

In Kneipp v. Tedder, the Third Circuit adopted a four-part
test to determine if a state-created danger exists in a given
case: "(1) the harm ultimately caused was foreseeable and fairly
direct; (2) the state actor acted in willful disregard for the
safety of the plaintiff; (3) there existed some relationship
between the state and the plaintiff; and (4) the state actors
used their authority to create an opportunity that otherwise
would not have existed for the third party's crime to occur." 95
F.3d 1199, 1208 (3d Cir. 1996)(citing Mark, 51 F.3d at 1152).  In
Kneipp, the Third Circuit noted that "the cases where the state-
created danger theory was applied were based on discrete, grossly
reckless acts committed by the state or state actors using their
peculiar positions as state actors, leaving a discrete plaintiff
vulnerable to foreseeable injury." Id. (citing Mark, 51 F.3d at
1153).

Also, even if defendants did not exercised due care in
failing to timely transfer Plaintiff, such negligence is
insufficient to establish a violation of the Eighth Amendment.
See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that
prison officials' negligent failure to heed prisoner's
notification of threats from another inmate, followed by an

assault, is not a deprivation of constitutional rights); <u>see also</u> <u>Schwartz v. County of Montgomery</u>, 843 F. Supp. 962 (E.D. Pa.), <u>aff'd</u>, 37 F.3d 1488 (3d Cir. 1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments).  Because Plaintiff has not demonstrated that his constitutional rights were violated, and because negligence is not actionable under § 1983 as a constitutional violation, Plaintiff's complaint, as submitted, fails to state a failure-to-protect claim or due process claim under the Eighth or Fourteenth Amendments.

## CONCLUSION

For the reasons set forth above, the Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.[2]  An appropriate order follows.


                                    s/William J. Martini

                                    _____
                                    WILLIAM J. MARTINI
                                    United States District Judge

Dated: 6/9/06

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.