**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ENOCH BRIMAGE,                      :
                                    :   Civil Action No. 06-1565 (SRC)
           Plaintiff,               :
                                    :
      v.                            :   **OPINION**
                                    :
GEORGE W. HAYMAN, et al.,           :
                                    :
           Defendants.              :

**APPEARANCES:**

Enoch Brimage, Plaintiff pro se
#485026
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**CHESLER**, District Judge

     Plaintiff Enoch Brimage, is a prisoner formerly confined at the Northern State Prison, Newark, New Jersey, and currently confined at the East Jersey State Prison, Rahway, New Jersey. On April 3, 2006, Plaintiff submitted a civil complaint and application to proceed in forma pauperis. On June 12, 2006, Plaintiff's in forma pauperis application was granted, and the complaint was filed. Plaintiff's complaint did not state a claim as submitted, but the Court granted Plaintiff leave to file an amended complaint (docket entries 2 and 3). After two requests

for continuances to file his amended complaint, Plaintiff's amended complaint was filed on October 30, 2006 (docket entry 14), along with an application for pro bono counsel (docket entry 15).

At this time, the Court must review the amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the following reasons, the Court concludes that Plaintiff's retaliation claim may proceed. All other claims will be dismissed. Plaintiff's application for pro bono counsel will be denied, without prejudice.

## BACKGROUND

The following factual allegations are taken from Plaintiff's complaint and amended complaint and are accepted as true for purposes of this review.

Plaintiff states that while housed at Northern State Prison, his life was threatened by other inmates due to his familial relationship to a co-defendant of one of the inmates. The inmate was a co-defendant of Plaintiff's brother-in-law, and was a gang member. Plaintiff states that he was threatened with bodily harm. Plaintiff reported the incident, but states that he was

not placed in a secure housing unit pending an investigation by prison officials.

Plaintiff also asked for, and was granted, a transfer to another prison, but complains about the timeliness of the transfer. Plaintiff does not state that he was subject to physical harm due to the delay in being transferred.

In his amended complaint, Plaintiff adds that he was retaliated against for filing grievances concerning his housing. He states that the defendants subjected him to disciplinary detention and administrative segregation on more than one occasion because of his complaints, and that he was told to stop filing grievances.

Plaintiff asks for a declaratory judgment that his rights were violated, and monetary relief from each defendant.

## DISCUSSION

### A.   Standard for Sua Sponte Dismissal

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

B.  **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Plaintiff's Claims**

  1.  Failure to Protect/State-Created Danger Claims

For the reasons set forth in the Opinion in this case dated June 12, 2006 (docket entry 2), Plaintiff's failure to protect/state-created danger claims will be dismissed. Plaintiff has not alleged facts indicating that he suffered physical harm or other injury. Plaintiff addressed his concerns through the prison system, which ultimately resulted in a transfer to East

Jersey State Prison. See Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006)(setting forth four-part test to demonstrate state-created danger), petition for cert. filed, 75 U.S.L.W. 3236 (U.S. Oct. 19, 2006)(No. 06-563); Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights).

2. Retaliation Claims

Plaintiff alleges in his amended complaint that he was retaliated against for filing grievances regarding his housing concerns.

To proceed on a retaliation claim, a plaintiff must allege facts showing that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225). See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274

(1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

In this case, it appears that Plaintiff has alleged facts indicating a retaliation claim, for purposes of permitting the claim to proceed past sua sponte screening. Liberally construing the amended complaint, Plaintiff states that he grieved his housing situation to the proper officials; as a result, he suffered the adverse action of being placed in disciplinary detention and administrative segregation; and that the grievances were the motivating factor behind his being placed in this detention. Thus, Defendants will be ordered to answer the allegations of the complaint with regard to this claim. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

D. **Plaintiff's Application for Counsel**

Plaintiff has filed an application for pro bono counsel (docket entry 15). He asks for counsel because he lacks legal expertise, cannot handle extensive investigation, and because he lacks funds to hire an attorney.

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court

sua sponte. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time. See Tabron, 6 F.3d at 157-58.

8

In the instant case, Plaintiff's amended complaint was recently filed and screened, and the named defendants have not yet been served. Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that Plaintiff is capable of presenting the claims at this early stage. He has presented to this Court without the assistance of counsel a thorough complaint and amended complaint, and the instant motion for appointment of counsel. The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this

point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

### CONCLUSION

For the reasons set forth above, Plaintiff's retaliation claim will be permitted to proceed. Plaintiff's other claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Plaintiff's application for counsel will be denied, without prejudice. An appropriate order follows.

STANLEY R. CHESLER
United States District Judge

Dated: 12/5/06