**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

**LETTER OPINION & ORDER**

August 23, 2010

**VIA CM/ECF**
All Counsel of Record

    Re:    **Brimage v. Hayman, et al.**
             **Civil Action No. 06-1565 (SRC)**

Dear Counsel:

This matter comes before the Court on Plaintiff Enoch Brimage's ("Plaintiff") Motion for Sanctions. (Doc. No. 69 ("Pl.'s Motion").) For the reasons set forth below, Plaintiff's motion is denied without prejudice.

**I.**    **BACKGROUND**

As the parties are well versed in the facts underlying this matter, the Court will address only those facts relevant to Plaintiff's motion for sanctions. Specifically, Plaintiff requests that the following sanctions be imposed against Defendants: (i) an order compelling Defendants to provide supplemental responses to Plaintiff's discovery requests; (ii) entry of default judgment for Defendants "intentionally withholding documents for more than two years;" (iii) a monetary award of $750.00, which Plaintiff asserts represents the costs associated with his motion for sanctions and attempts to obtain discovery responses from Defendants; and (iv) an order advising Defendants that failure to abide by this Court's order will result in a "spoliation of evidence charge at trial, the

striking of the answer and the entry of a default judgment against the Defendants." (Pl.'s Motion ¶¶ 1-3.) In support of his motion, Plaintiff points out several instances in which Defendants failed to comply with this Court's discovery-related orders. (*See* Doc. No. 69-1 ("Pl.'s Aff.") *generally*.)

Importantly, Keith Massey, Esq. was Defendants' counsel during the time period that Plaintiff alleges Defendants failed to comply with this Court's discovery orders. However, Mr. Massey is no longer employed with the Office of the New Jersey Attorney General and has since been replaced by Susan Marie Scott, Defendants' new counsel of record. (*See* Doc. No. 76.)

## II.  **LEGAL DISCUSSION**

Under Federal Rule of Civil Procedure 37(b)(2), if a party fails to comply with a discovery order, a court may issue sanctions and just orders compelling compliance with the Court's previous orders, as well as awarding reasonable expenses caused by the disobedient party's conduct. Importantly, "[t]he decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976)).

Rule 37 sanctions may include an order "(vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). However, it is well settled that the preference of the Third Circuit is to decide cases on the merits. *See Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976) ("Entry of default is generally disfavored and we have long indicated our preference that cases be decided on their merits."). If there is doubt, the decision "should be resolved in favor of reaching a decision on the merits [and] . . . alternative sanctions should be used." *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).

As for sanctions in the form of attorney's fees and expenses, under Federal Rule of Civil Procedure 37(b)(2)(C), this Court must award "the reasonable expenses, including attorney's fees,

caused by" a party's failure to comply with a Court's discovery order "unless the failure was substantially justified or other circumstances make an award of expenses unjust." The purposes of sanctions under Rule 37 are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure. *Wachtel v. Health Net, Inc.*, No. 03-1801, 2006 WL 3538935, at *20 (D.N.J. Dec. 6, 2006) (citing *Nat'l Hockey League*, 427 U.S. at 643).

Here, the Court finds that sanctions at this stage of the proceedings is unwarranted, based on the recent substitution of Defendants' counsel. While this Court joins in Plaintiff's frustration with Mr. Massey's misconduct and failure to comply with the Court's discovery orders and deadlines, as reflected by the docket, the purposes of Rule 37 sanctions will not be served by such an award, as Mr. Massey is no longer the attorney of record for Defendants. Certainly, entry of default judgment is not warranted at this stage of the proceedings, as justice is better-served by deciding Plaintiff's claims on the merits. As for compelling compliance with any outstanding discovery, this Court is confident that all necessary discovery has been properly exchanged. Indeed, fact discovery is now closed and the Court has instructed the parties to prepare a joint proposed Final Pretrial Order, which shall be submitted to this Court by August 27, 2010. (Doc. No. 85.) As such, supplemental discovery will not be permitted at this juncture. Finally, regarding Plaintiff's request that this Court enter an order advising Defendants that failure to abide by this Court's order will result in a "spoliation of evidence charge at trial," this Court finds that Plaintiff's request is premature. If, upon review of the proposed Final Pretrial Order or prior to trial, Plaintiff finds that Defendants are attempting to enter into evidence documents and/or facts that were not previously disclosed to Plaintiff, Plaintiff may file the appropriate motion *in limine* requesting that same evidence be prohibited from trial.

### III. **CONCLUSION**

Based on the foregoing and for good cause shown, it is **ORDERED** that:

1. Plaintiff Enoch Brimage's motion for sanctions (Doc. No. 69) is denied without prejudice.

2. The parties are reminded to submit a proposed joint Final Pretrial Order to this Court by **August 27, 2010**. The joint Final Pretrial Order shall follow the format attached to this Court's August 2, 2010 Order. (*See* Doc. No. 85.)

3. There shall be a video Final Pretrial Conference on **September 16, 2010** at **3:00 pm**.

        s/ Michael A. Shipp
        **HONORABLE MICHAEL A. SHIPP**
        **UNITED STATES MAGISTRATE JUDGE**