NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ENOCH BRIMAGE, :
:
                Plaintiff, :
: Civil Action No. 06-1565 (SRC)
                v. :
: OPINION
GEORGE W. HAYMAN, et al., :
:
                Defendants. :
:
:

**CHESLER**, District Judge

This matter comes before the Court on Defendants' motion for summary judgment [docket entry 80]. Plaintiff *pro se* Enoch Brimage ("Plaintiff") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Defendants' motion and accordingly close this action.

**I.**     **BACKGROUND**

Plaintiff, currently an inmate in East Jersey State Prison, was incarcerated at Northern State Prison from August 2, 2005 to May 25, 2006, when he was transferred to East Jersey State. This civil rights action arises out of two separate disciplinary charges brought against Plaintiff while he was incarcerated at Northern State Prison. Plaintiff alleges that the charges were

brought by prison officials in retaliation for sending letters and/or formal grievances to the prison administration which complained of threats of violence and death made by gang members in the jail against Plaintiff and which requested a transfer to another prison.

The first disciplinary charge, issued to Plaintiff on December 2, 2005, stemmed from his refusal to accept a housing unit assignment when he was ordered to transfer from 1 Wing to General Population.  Following a hearing held on the charge, Plaintiff was found guilty and subjected to a penalty of 15 days of detention, 90 days of administrative segregation and 10 days without recreational privileges.  Plaintiff appealed the decision internally, and a final agency decision was issued on January 13, 2006 upholding the determination that Plaintiff was guilty of the infraction of refusing a housing assignment.  Plaintiff did not file a further appeal with the Appellate Division of the Superior Court of New Jersey.  In his motion papers, Plaintiff admits that he refused the housing assignment order of December 2, 2005 but explains that he did so because he knew that gang members housed in that unit were waiting for his arrival to stab him. Plaintiff was given an opportunity to raise this position at the hearing but did not do so.

Following the completion of his sanctions on the December 2, 2005 charge, Plaintiff was ordered to move back to his housing unit.  Plaintiff refused.  On or about March 15, 2006, Plaintiff received the second disciplinary charge, again for the infraction of refusing to accept a housing unit assignment. At the hearing held on the charge, Plaintiff pled guilty and declined the opportunity to present evidence on his behalf.  Sanctions for his conduct were ordered.

Northern State Prison had in place at all relevant times an inmate grievance procedure, set forth in the Inmate Handbook. (Brooks Decl., Ex. A at § XVII.)   As revised, the procedure requires that the inmate complete an "Inmate Remedy System Form" and deposit it in a specially

marked collection box.  The forms are to be picked up daily on weekdays, excluding holidays, and must be processed within 30 days.  After the form is processed and returned the inmate, he or she may file an appeal within 10 days by completing an additional part of the Inmate Remedy System Form and depositing the form in the collection box.  According to the procedure, "appeal decisions shall be rendered by the Administrator and are therefore to be considered as final decisions at the correctional facility level."  (*Id.*, Ex. B at § C.4.)

Though Plaintiff's theory of First Amendment violation is based on the retaliatory nature of the disciplinary charges, Plaintiff admits that he did not make any complaints about the gang threats through the established administrative procedure prior to receiving the December 2, 2005 disciplinary charge.  The record does, however, contain evidence of many other grievances filed by Plaintiff while at Northern State Prison, with the first one filed on August 21, 2005.  Defendants, indeed, have presented 18 Inmate Remedy System Forms completed and filed by Plaintiff throughout his term at Northern State Prison, concerning a variety of subjects such as medical attention, prison account deductions, the phone system and his housing assignment.  None of the forms presented concern his present allegations that he received disciplinary charges in retaliation for filing grievances.  Defendants assert in the Declaration of Peggy Brooks, an administrative assistant employed by the New Jersey Department of Corrections and assigned to Northern State Prison, that Plaintiff did not file an Inmate Remedy System Form complaining of such retaliation.

**II.    DISCUSSION**

    **A.    Summary Judgment Standard**

The standard upon which a court must evaluate a summary judgment motion is well-established. Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Anderson*, 477 U.S. at 247-48. The Supreme Court has held that Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A properly supported

motion for summary judgment cannot be defeated by "the mere existence of a scintilla of evidence" in favor of the non-moving party's claims. *Anderson*, 477 U.S. at 252. Instead, "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.; see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but "must exceed the 'mere scintilla' threshold").

### B. First Amendment Retaliation Claim

Plaintiff seeks relief for being subjected to allegedly retaliatory disciplinary charges in violation of his First Amendment right to petition. His legal claim arises under 42 U.S.C. § 1983, which provides a private right of action for a violation of constitutional rights committed by one acting under color of state law. Among other grounds raised in their motion for summary judgment, Defendants argue that Plaintiff cannot prevail as a matter of law because he has failed to exhaust his administrative remedies, a prerequisite to this litigation pursuant to the Prison Litigation Reform Act ("PLRA").

The PLRA requires prisoners asserting a section 1983 claim concerning prison conditions to exhaust available administrative remedies before filing a civil action. 42 U.S.C. § 1997e(a). The exhaustion requirement under the PLRA is both strict and broad. *See Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (describing various ways in which enactment of PLRA strengthened previously applicable exhaustion provision). The Supreme Court has held that, under the PLRA, exhaustion of administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). It noted in *Booth* that 42 U.S.C. § 1997e(a) does not contain a futility exception and

stressed that the Court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id.* at 741 n.6.  A prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process.  *Id.* at 734, 741; *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000).  As to breadth, the Supreme Court has held that the exhaustion requirement of the PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Indeed, in two cases involving prisoner claims for First Amendment retaliation based on filing grievances, the Third Circuit affirmed summary judgment in favor of defendants, where the district court found that the retaliation claim was barred for failure to exhaust the prison administrative remedy process as to that claim.  *Boyd v. United States*, No. 10-2484, 2010 WL 3899583, at *1-2 (3d Cir. Oct. 6, 2010) (*per curiam*); *Sharpe v. Costello*, 289 F.App'x 475, 476-78 (3d Cir. 2008) (*per curiam*).   The Third Circuit has held that the grievance procedure set forth in the New Jersey Department of Corrections Inmate Handbook is an "administrative remedy" within the meaning of the PLRA exhaustion provision and must accordingly be exhausted before a prisoner may pursue a section 1983 claim involving prison conditions.  *Concepcion v. Morton*, 306 F.3d 1347, 1354-55 (3d Cir. 2002).

It is uncontroverted that Plaintiff filed no grievance with the Northern State Prison's Inmate Remedy System, much less exhausted his administrative remedies, with respect to his claims that the disciplinary charges for housing assignment refusal were brought against him in retaliation for filing grievances related to gang threats and/or to a transfer of housing.  The record, moreover, demonstrates that a procedure for administrative relief was not only available

but also familiar to Plaintiff, as he had filed 18 grievances over the span of his nine months of incarceration at Northern State Prison. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002) (holding that, under PLRA, availability of administrative remedies to a prisoner is a question of law). Defendants have presented evidence which establishes that, as to his claims that he was subjected to retaliatory discipline, Plaintiff did not exhaust administrative remedies available to him at Northern State Prison, as required by the PLRA to state a viable claim. *Id.* at 291 (holding that failure to exhaust administrative remedies is an affirmative defense on which defendant bears burden of proof). That evidence has not been refuted by the non-movant, as required by Rule 56(e) to defeat summary judgment. Plaintiff's failure to exhaust administrative remedies available at Northern State Prison concerning the claim before the Court bars him from obtaining legal relief on his section 1983 claim for First Amendment retaliation. 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 94-95; *Boyd*, 2010 WL 3899583, at *2-3; *Sharpe*, 289 F.App'x at 477-78.

Accordingly, Defendants have met their Rule 56 burden of demonstrating that summary judgment on the claim is appropriate. As the First Amendment retaliation claim is the only active claim in this action, the Court will order that the case be closed.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion, ordering summary judgment in their favor and closing this action. An appropriate form of Order will be filed.

                                        s/Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge

DATED: January 25, 2011